SONALI OLSON (SBN 180397)
solson@nortonmelnik.com
ROBERT L. HERNANDEZ (SBN 271889)
rhernandez@nortonmelnik.com
NORTON & MELNIK, APC
20920 Warner Center Lane, Suite B
Woodland Hills, CA 91367
TEL (818) 999-9500
FAX (818) 999-9155

Attorneys for Defendant, SIMI VALLEY
HISTORICAL SOCIETY AND MUSEUM,
RANCHO SIMI RECREATION AND PARK
DISTRICT, RICHARD ACKERMAN,
SHELDON KAMINSKY, JERRY DEROSA,
LARRY PETERSON, AND RANCHO SIMI
RECREATION AND PARK DISTRICT
BOARD OF DIRECTORS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| JAMES KEENER, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br>RANCHO SIMI RECREATION<br>AND PARK DISTRICT, a public<br>entity, et al.,<br><br>                    Defendants. | ) CV17-09182-GW(KS)<br>)<br>) DEFENDANTS' OPPOSITION TO<br>) PLAINTIFF'S MOTION FOR<br>) PRELIMINARY INJUNCTION<br>)<br>) Date:  No date set by the Court<br>) Time:<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# **TABLE OF CONTENTS**

INTRODUCTION.........................................................................6

STATEMENT OF FACTS ...........................................................8

ARGUMENT ...............................................................................8

I.   PLAINTIFF LACKS STANDING TO BRING THIS MOTION FOR PRELIMINARY INJUNCTION. ..................................................8

  A.   Plaintiff May Not Establish Standing by Asserting a Generalized Grievance on Behalf of the Public. .................................9

  B.   Plaintiff Has Not Alleged a Threat of Injury In Fact Sufficient to Establish Standing. ..........................................................9

    1.   Plaintiff Has Not Alleged a Sufficient Threat of Imminent Harm.............................................................................10

    2.   Plaintiff Cannot Establish the Risk of Irreparable Harm. ......13

II.   PLAINTIFF HAS NOT SATISFIED THE NECESSARY ELEMENTS OF A REQUEST FOR PRELIMINARY INJUNCTION. 14

  A.   Legal Standard for Granting a Preliminary Injunction...........14

  B.   Plaintiff Has Not Established the Likelihood of Success on the Merits. ................................................................................15

  C.   Plaintiff Has Not Established that He Is Likely to Suffer Irreparable Harm If an Injunction Does Not Issue. .........................17

  D.   Plaintiff Has Not Established that the Balance of Equities Tips in His Favor. ......................................................................18

  E.   Plaintiff Has Not Established that an Injunction Is in the Public Interest. ...........................................................................19

CONCLUSION ........................................................................20

1

## **TABLE OF AUTHORITIES**

2

3

### ***Cases***

4 *Awad v. Ziriax*, 670 F.3d 1111 (10th Cir. 2016) ...................................... 14

5

6 *Badua v. City of San Diego*, 189 F.3d 472 (9th Cir. 1999) ..................... 15

7 *California Pharmacists Ass'n v. Maxwell-Jolly*, 596 F3d 1098

8   (9th Cir. 2010) ....................................................................................... 19

9

10 *Caribbean Marine Services, Co., Inc. v. Baldrige*, 844 F.2d 668

11   (9th Cir. 1988) ................................................................................. 9, 12

12 *Dahl v. HEM Pharmaceuticals Corp.*, 7 F3d 1399

13   (9th Cir. 1993) ....................................................................................... 14

14

15 *Doe v. Natl. Bd. of Med. Examiners*, 199 F.3d 146 (3d Cir. 1999) ......... 13

16 *Earth Island Institute v. Carlton*, 626 F3d 462 (9th Cir. 2010) ............. 17

17

18 *Ervine v. Desert View Regional Med. Center Holdings, LLC*, 753 F.3d

19   862 (9th Cir. 2014) .................................................................................. 9

20 *Flexible Lifeline Systems, Inc. v. Precision Lift, Inc.*,  654 F3d 989

21   (9th Cir. 2011) ....................................................................................... 18

22 *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Home*,

23

24   698 F.3d 1295 (10th Cir. 2012) ............................................................ 14

25 *Garcia v. Google, Inc.*, 786 F3d 733 (9th Cir. 2015) ............................... 14

26 *League of Wilderness Defenders / Blue Mountains Biodiversity Project v.*

27

28   *Connaughton*, 752 F3d 755 (9th Cir. 2014) ......................................... 18

*MacDonald v. Chicago Park Dist.*, 132 F.3d 355
  (7th Cir. 1997) ...................................................................... 17

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
  571 F3d 873 (9th Cir. 2009) ............................................... 14

*Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d
  631 (9th Cir. 2015) ............................................................. 15

*Salazar v. Buono*, 559 US 700 (2010) ..................................... 18

*Schenck v. Pro-Choice Network Of W. New York*, 519
  U.S. 357 (1997) ................................................................... 15

*Schrier v. University of Colorado*, 427 F.3d 1253
  (10th Cir. 2005) ......................................................... 13, 14

*Scotts Co. v. United Industries Corp.*, 315 F3d 264
  (4th Cir. 2002) ................................................................... 17

*Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F3d 1281
  (9th Cir. 2013) ..................................................................... 9

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016)....................... 8

*Summers v. Earth Island Institute*, 555 U.S. 488 (2009) ........ 9

*United States ex rel. Rahman v. Oncology Assocs., P.C.*,
  198 F3d 489 (4th Cir. 1999) ............................................... 19

*United States v. First Nat'l City Bank*, 379 US 378 (1965)................... 19

*Warth v. Seldin*, 422 U.S. 490 (1975)....................................... 8

4

*Winter v. Natural Resources Defense Council, Inc.,*
 555 US 7 (2008).................................................................. 13, 18

## ***Statutes***

42 U.S.C. § 1983 .................................................................. 15

C.P.C. 538d ....................................................................... 15, 16

C.P.C. 832 .......................................................................... 15

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

Defendants, Rancho Simi Recreation and Park District (the "District"), Richard Ackerman, Sheldon Kaminsky, Jerry DeRosa, and the Rancho Simi Park and Recreation District Board of Directors, hereby respond to and oppose the motion for preliminary injunction brought by plaintiff, James E. Keener.

## INTRODUCTION

Plaintiff, a pro se litigant and resident of Georgia, filed the complaint initiating the instant case on December 22, 2017. In his complaint, plaintiff alleges seven causes of action related to an incident that occurred between him and District park rangers during a wedding he attended at Strathearn Historical Park and Museum in Simi Valley, California, on October 14, 2017. The gravamen of plaintiff's complaint is that defendant Ackerman, a park ranger employed by the District, used excessive force against him. Defendants have not yet filed a responsive pleading.

Plaintiff has also brought the instant motion seeking a preliminary injunction against defendants. In short, plaintiff contends that defendants Ackerman, Kaminsky, and DeRosa (who are all park rangers employed by the District), and other District rangers not named in the lawsuit,[1] are not properly certified as California peace officers. Based upon this contention, he seeks to enjoin the District and any of

---

[1] On January 29, 2018, after the Court had already set a deadline of February 8, 2018, for defendants' opposition to the instant motion, plaintiff filed a Supplemental Memorandum in Support of Plaintiff's Motion for Preliminary Injunction (hereinafter "Plaintiff's Supplemental Memorandum") in which he alleges that the following District rangers are not current in their Peace Officer Standards and Training ("POST") certification: Larry Dolley; Ronald Marino; James Mascola; and Santiago Rosales. None of these rangers are defendants in the instant lawsuit.

its park rangers from exercising peace officer powers during the pendency of this litigation.

A significant portion of plaintiff's brief is spent alleging the various facts plaintiff believes support his contention that the District rangers are not certified peace officers. Those allegations, whether true or not, are completely irrelevant to the issue of whether an injunction should issue in this case. Plaintiff's request for injunctive relief should be denied for reasons unrelated to the issue of peace officer certification.

First, plaintiff does not have standing to bring this motion because he cannot demonstrate that he will suffer an injury in fact if the requested injunction is not granted. Plaintiff admits that he does not live in California and he has presented no evidence that any of the defendants have had any interactions with him post-incident, have made any threats against him, or will have any further interactions with plaintiff outside of these legal proceedings. Speculation of potential future harm, or reliance on past harm, is wholly insufficient to support plaintiff's claim for injunctive relief.

Second, plaintiff cannot satisfy any of the elements that courts consider when weighing a motion for preliminary injunction. That is, plaintiff cannot establish any of the following: (1) a likelihood of success on the merits such that he is entitled to injunctive relief; (2) that issuance of the requested injunction would be in the public interest; (3) that a balancing of the equities in this case favors the imposition of injunctive relief; and (4) that an injunction is in the public interest.

For these reasons, the Court must deny plaintiff's motion for a preliminary injunction.

**STATEMENT OF FACTS**

Plaintiff attended a wedding on October 14, 2017, at Strathearn Historical Park (the "Park"), in Simi Valley, California. The Park is owned and operated by the District. While at the Park, plaintiff had several interactions with event staff and park rangers, including defendant Ackerman. The interactions related to plaintiff driving on Park land to drop off and pick up disabled wedding guests. Plaintiff was advised by several people, including Ackerman, not to drive in certain sections of the Park, but plaintiff proceeded to drive there anyway.

Plaintiff ultimately engaged in an exchange with Ackerman, during which he alleges that Ackerman assaulted him, drew his weapon, and detained him, all without any cause to do so. Defendant's dispute these allegations.

Plaintiff claims that, following this incident, he determined that: none of Ackerman, Kaminsky, DeRosa, or other District rangers are properly certified to serve as peace officers in California; the District was maintaining an improper police force; and the District had previously been admonished by a grand jury to end the ranger program. Plaintiff seeks through this motion to enjoin the District from using these rangers (and any other allegedly unqualified rangers) as peace officers while this litigation is pending.

**ARGUMENT**

I.    **PLAINTIFF LACKS STANDING TO BRING THIS MOTION FOR PRELIMINARY INJUNCTION.**

Plaintiff claims that both he and the public are likely suffer irreparable harm if an injunction does not issue in this instance. Plaintiff's Memorandum, p. 15. However, neither claim is sufficient to establish standing in this case.

**A.     Plaintiff May Not Establish Standing by Asserting a Generalized Grievance on Behalf of the Public.**

The Supreme Court has held that "when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). The Supreme Court has held further that "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Ibid*. Instead, a plaintiff must establish an "injury in fact" showing that he or she suffered an injury that affects the plaintiff in a particularized way. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), *as revised* (May 24, 2016).

Here, plaintiff asserts that "he, and more importantly, the public are likely to suffer irreparable harm if the non-certified rangers are allowed to unlawfully exercise peace officer powers." Plaintiff's Memorandum, p. 18. According to the cases cited above, plaintiff's assertion of a generalized grievance on behalf of the public, standing alone, is insufficient to establish plaintiff's right to bring the instant motion. Plaintiff must go further and allege a particularized grievance. As discussed in the next section, plaintiff has not alleged such particularized grievance.

**B.     Plaintiff Has Not Alleged a Threat of Injury In Fact Sufficient to Establish Standing.**

Constitutional standing is a necessary element for any claim for injunctive relief, preliminary or otherwise:

> To seek injunctive relief, a plaintiff must show
> that he is under threat of suffering 'injury in fact'
> that is concrete and particularized; the threat

must be actual and imminent, not conjectural or
hypothetical; it must be fairly traceable to the
challenged action of the defendant; and it must be
likely that a favorable judicial decision will
prevent or redress the injury.

*Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009); see also
*Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F3d 1281, 1286-1287, (9th
Cir. 2013) (in the context of injunctive relief, standing requires a
demonstration of a real or immediate threat of irreparable harm).

The key to establishing standing for a preliminary injunction is
the "imminent prospect of future injury," not a past injury. *Ervine v.
Desert View Regional Med. Center Holdings, LLC*, 753 F.3d 862, 868,
(9th Cir. 2014). Moreover, it is not enough to establish only imminent
harm; a plaintiff must also show that the harm is irreparable.
*Caribbean Marine Services, Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th
Cir. 1988).

### 1.  *Plaintiff Has Not Alleged a Sufficient Threat of Imminent Harm.*

Here, plaintiff has not alleged a concrete threat of imminent
harm. The only way plaintiff could even conceivably suffer an injury
related to the District's alleged use of non-POST certified peace officers
is if plaintiff were actually present within the District's jurisdiction.
However, plaintiff admits that he is a resident of Georgia. Plaintiff's
Memorandum, p. 18. It is impossible for plaintiff to suffer harm while
he is out of state.

Plaintiff states that he "often visits his family" in Ventura County
and he will be in Ventura and Los Angeles Counties for upcoming
hearings in this case. Plaintiff's Memorandum, p. 18. It is not clear why

this would expose plaintiff to a threat of imminent harm. The District rangers' jurisdiction consists of some public parks located in both Simi Valley and in the community of Oak Park. Plaintiff has not alleged that he has any plans to be in any of the parks operated by the District. If he has no plans to enter the District's jurisdiction, there is no risk whatsoever that plaintiff could suffer any harm related to the rangers' exercise of peace officer powers, lawful or otherwise.

Plaintiff further alleges that he will be "face to face" with defendant's Ackerman, Kaminsky, and DeRosa during the course of this case. Plaintiff's Memorandum, p. 18. Even assuming that is true, plaintiff will not be "face to face" with them in their capacities as peace officers unless he goes to a District park, which he has not alleged he intends to do. Plaintiff has not alleged that any of the defendants, post-incident, have ever attempted to contact him, threaten him, or otherwise pay him any attention. These allegations are insufficient to constitute a threat of imminent harm.

Plaintiff alleges that defendant Ackerman has a history of civil rights violations. Plaintiff's only support for this allegation are footnote citations to two federal district court cases in the State of Washington and a decision of the Washington State Public Employment Relations Commission (PERC). Mere footnote citations do not constitute admissible evidence, nor do the citations establish a pattern of civil rights violations. Further, plaintiff has mischaracterized the PERC case as relating to "violations as a peace officer." Had plaintiff attached the PERC decision itself, the mischaracterization would have been made obvious. The PERC decision was related a labor complaint filed by a public employee against the City of Quincy, Washington. See PERC Decision 11103, attached as Exhibit A to the Request for Judicial Notice

in Support of Defendant's Opposition to Motion for Preliminary Injunction. Defendant Ackerman appears to have been the employee's supervisor. It is clear from the decision itself that it has nothing to do with a violation of civil rights "as a peace officer." It was an employment matter. As for the district court cases in the state of Washington referenced by plaintiff, he provides no information whatsoever about the cases other than case numbers. This does not constitute evidence of a pattern of civil rights violations from which plaintiff can infer a threat of future harm to himself.

In his motion, plaintiff refers to two previous Ventura County grand jury investigation relating to the District ranger program, which occurred in 2007 and 2011. Plaintiff's Memorandum, pp. 2, 9-11.[2] Plaintiff notes that the investigations were conducted in response to "citizen complaints about the rangers…." Plaintiff's Memorandum, p. 9. All of the alleged findings that plaintiff claims are contained in the report are completely irrelevant to this case because they do not in any way support plaintiff's contention that he is at risk of imminent harm if the ranger program is allowed to continue in operation. It is plain from the report itself (which plaintiff attached to his motion) that the investigation, facts, findings, and recommendations of the grand jury had nothing to do with ranger misconduct or use of excessive force. Instead, the report represents an assessment of whether the ranger program is a fiscally sound investment of public resources. Despite

---

[2] Though plaintiff refers to both a 2007 and a 2011 grand jury investigation, he has only attached copies of the reports generated from the 2011 investigation to his motion.

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

whatever plaintiff may be attempting to imply by reference to the grand jury investigations, they are not relevant to this motion.

Finally, plaintiff argues that the likelihood of harm can be proved by reference to certain of the District's policies related to ranger use of force and ranger use of deadly force. Plaintiff's Memorandum, pp. 16-17. On this point, plaintiff is mistaken. In the first place, there is nothing in the portions of the policies cited by plaintiff that suggests they are particularly prone to abuse. More importantly, however, any harm plaintiff could even contemplate at the hands of any rangers could only occur if he was interacting with the within their jurisdiction. Plaintiff has made no allegations that he will ever be visiting District controlled lands.

For all of these reasons, plaintiff has failed to make any showing whatsoever that he is at risk of imminent harm because of the rangers' alleged lack of POST certification.

> ## 2.   *Plaintiff Cannot Establish the Risk of Irreparable Harm.*

Even if plaintiff could establish the threat of imminent harm, he would still need to establish that the harm would also be irreparable. *Caribbean Marine Services, Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). He has not done that here.

Plaintiff has properly indicated in his brief that irreparable harm is required before a court will impose a preliminary injunction, and he has properly indicated that irreparable harm is "harm that cannot be remedied by monetary award." Plaintiff's Memorandum, p. 15. However, plaintiff has made no argument that the harm he speculates he might suffer would be irreparable, nor has he put forward any facts to support that conclusion. In the absence of any legal argument or

factual support for his claim of irreparable harm, the court should dismiss the notion out of hand.

Because plaintiff cannot establish imminent or irreparable harm, he has no standing to bring a motion for preliminary injunction. Plaintiff's motion should be dismissed on these grounds alone.

## II.   PLAINTIFF HAS NOT SATISFIED THE NECESSARY ELEMENTS OF A REQUEST FOR PRELIMINARY INJUNCTION.

### A. Legal Standard for Granting a Preliminary Injunction.

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 US 7, 22 (2008). Under federal law, a party seeking preliminary injunction must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the requesting party; and (4) an injunction is in the public interest. *Id.*, at 20.

Allegations are insufficient to support a preliminary injunction. *Doe v. Natl. Bd. of Med. Examiners*, 199 F.3d 146, 152 (3d Cir. 1999). Instead, the moving party must produce evidence of a likelihood that he or she will be injured by the threatened conduct. *Id.*, at 152-53.

Certain injunctions are considered "disfavored" and therefore must be closely scrutinized before an injunction will be granted. *Schrier v. University of Colorado*, 427 F.3d 1253, 1260-1261 (10th Cir. 2005). These "disfavored" injunctions include injunctions that: (1) disturb the status quo; (2) are mandatory (mandating some action be taken) rather than prohibitory (prohibiting an action from being taken); or (3) provide substantially all the relief the movant would obtain after a full trial on

the merits. *Ibid.*; *Dahl v. HEM Pharmaceuticals Corp.*, 7 F3d 1399, 1403 (9th Cir. 1993); see also *Garcia v. Google, Inc.*, 786 F3d 733, 740 (9th Cir. 2015) (plaintiff's burden is "doubly demanding" if seeking mandatory injunction); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,  571 F3d 873, 879 (9th Cir. 2009) (mandatory injunctive relief is "particularly disfavored" and will not be granted unless extreme or very serious harm will result, not capable of compensation in damages, if the injunction is not issued.) The heightened scrutiny applied to disfavored injunctions generally means that in those cases there must be a stronger showing of the likelihood of success on the merits. *Awad v. Ziriax*, 670 F.3d 1111, 1126 (10th Cir. 2016). Some courts, however, have applied this heightened standard to all of the factors for injunctive relief, not just the likelihood of success element. *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Home*, 698 F.3d 1295, 1301 (10th Cir. 2012).

Here, the requested injunction is of the disfavored variety because if issued, it would disturb the status quo by forcing the District to take the positive action of curbing its use of park rangers. Accordingly, the Court should apply a heightened standard to its analysis of whether the injunction is proper. But whichever standard is applied, the factors identified above favor a denial of plaintiff's request for preliminary injunction.

## B.   Plaintiff Has Not Established the Likelihood of Success on the Merits.

A plaintiff must demonstrate a likelihood of success on the merits. Part of this burden requires a plaintiff to demonstrate a connection between the asserted legal claims and the alleged irreparable injury. A preliminary injunction is only appropriate when it "grants relief of the

same nature as that to be finally granted." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). Harm is generally considered irreparable only if it cannot be cured by money damages. See, e.g., *Schenck v. Pro-Choice Network Of W. New York*, 519 U.S. 357, 367 (1997) (irreparable harm found where harm could not be cured by money damages); *Badua v. City of San Diego*, 189 F.3d 472 (9th Cir. 1999) (court was within its discretion to conclude harm was not irreparable where it could be remedied by money damages).

Here, plaintiff cannot link irreparable harm to the likelihood of success on the merits of his underlying claims because even if successful on his claims, he would not be entitled to equitable relief he seeks in this motion. Plaintiff has alleged seven causes of action,[3] none of which would entitle him to injunctive relief if he were successful.[4]

Additionally, plaintiff's complaint cites to two sections of the California Penal Code: sections 832 and 538d. Neither of these code sections create a private cause of action for either monetary or injunctive relief. Penal Code section 832, *et seq.*, sets forth California's Peace Officer Standards and Training ("POST") requirements. Even if the District violated these provisions (which is does not admit), nothing

---

[3] The alleged causes of action are: 1) excessive force in violation of 42 U.S.C. § 1983; 2) civil rights violations under California's Bane Act; 3) assault; 4) battery; 5) false arrest/false imprisonment; 6) intentional infliction of emotional distress; and 7) negligence.

[4] In plaintiff's prayer for damages, he does request "injunctive relief" as one of several remedies. However, nothing in his complaint indicates what type of injunctive relief is sought, and there are no allegations in the complaint which would support a prayer for injunctive relief.

therein creates a private right of action for damages or enforcement of the code's provisions.

Similarly, section 538d is a criminal statute that which prohibits impersonating a peace officer. This section permits criminal charges against an individual impersonating a peace officer, but does not permit a private right of action for the same offense.

The claims in plaintiff's lawsuit are monetary in nature, permitting plaintiff to recover monetary damages if he can prove any of his causes of action. In plaintiff's motion for preliminary injunction, he has offered no argument that the harm he alleges in his complaint could not be remedied by money damages, i.e. he has not argued that injunctive relief is appropriate in his underlying claim. Absent the possibility of injunctive relief in his lawsuit, a preliminary injunction at this point would be entirely improper.

Plaintiff bears the burden of establishing the likelihood of success on the merits, but has offered nothing to suggest that even if he prevails completely in his lawsuit, he would be entitled to injunctive relief. For these reasons, his motion must be denied.

### C. Plaintiff Has Not Established that He Is Likely to Suffer Irreparable Harm If an Injunction Does Not Issue.

Defendants have previously argued in sections I.B(1) and (2), *supra*, of this opposition brief that plaintiff has not established that he is likely to suffer imminent, irreparable harm if the injunction is not granted. For the same reasons put forth there, plaintiff has failed to establish, for the purposes of this prong of the test, that he is likely to suffer any harm if the injunction does not issue. The crux of defendants' argument is that plaintiff is not a resident of California, and has not

alleged that he ever intends to enter a District park. Absent such an intention, it is difficult to envision how plaintiff might come into contact with defendant rangers in their peace officer capacities, such that an imminent injury would be likely. These facts weigh in favor of denying plaintiff's motion.

### D. Plaintiff Has Not Established that the Balance of Equities Tips in His Favor.

In ruling on a motion for preliminary injunction, a court must weigh the equities to determine if those equities tip in the moving party's favor. A preliminary injunction may be denied if the equities do not tip in the moving party's favor. "[T]he real issue in this regard is the degree of harm that will be suffered by the plaintiff or the defendant if the injunction is *improperly* granted or denied." *Scotts Co. v. United Industries Corp.*, 315 F3d 264, 284 (4th Cir. 2002) (emphasis in original). It is for the court to decide how much weight to give to the competing harms. *Earth Island Institute v. Carlton*, 626 F3d 462, 475 (9th Cir. 2010).

Where the harm to the defendant substantially outweighs the threatened harm to the plaintiff, the plaintiff has the burden of demonstrating an even stronger showing of success on the merits. *MacDonald v. Chicago Park Dist.*, 132 F.3d 355, 357, (7th Cir. 1997).

Here, the balance of equities tips entirely in favor of defendants. If the requested injunction is issued in this case, the District would be prevented from deploying its rangers to do the jobs they have been hired to do (and for which the District would continue to pay them). In addition, the rangers themselves would be prevented from pursuing their employment as peace officers for the duration of the trial, with the

associated loss of income that would entail. Issuing the injunction would obliterate the status quo.

By contrast, as discussed previously, plaintiff cannot prove that he will establish *any* harm if the injunction does not issue. Plaintiff does not live in California and has not established any facts showing that he would have any interactions or contact with defendants outside of this litigation. His claims are limited to a single interaction with a single park ranger while plaintiff was on District property for the special event of a relative's wedding. Plaintiff is unlikely to ever be present on District property again, and in any case, he has not alleged that he has any plans to do so.

All of the potential harm is on one side. The balance of equities tip in favor of defendants here.

### E.    Plaintiff Has Not Established that an Injunction Is in the Public Interest.

In exercising its discretion, a court should "pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, *supra*, 555 US at 24; *Salazar v. Buono*, 559 US 700, 714, (2010); *Flexible Lifeline Systems, Inc. v. Precision Lift, Inc.*, 654 F3d 989, 996-997, (9th Cir. 2011). This "public interest" inquiry generally addresses the impact upon nonparties of granting or withholding injunctive relief. *League of Wilderness Defenders/Blue Mountains Biodiversity Project v. Connaughton*, 752 F3d 755, 766, (9th Cir. 2014) (public interest element "deserves special attention in cases where the public interest may be affected.) If the injunction goes beyond the parties, carrying with it a potential for public consequences, the "public interest" becomes relevant to whether an injunction should issue. "Courts of equity may, and frequently do, go much farther both to

give and withhold relief in furtherance of the public interest than they are accustomed to go when only private interests are involved." *United States v. First Nat'l City Bank*, 379 US 378, 383, (1965); *United States ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F3d 489, 497, (4th Cir. 1999); *California Pharmacists Ass'n v. Maxwell-Jolly*, 596 F3d 1098, 1114-1115, (9th Cir. 2010).

Here, granting the injunction would result in a negative effect on the public interest. If the injunction is granted, the District would be prevented during this litigation from using its ranger staff to protect District property, to protect the public visiting District locations, and in general, to keep District parks open and safe. With an injunction in place, and rangers not working, members of the public would be at greater risk when visiting District locations than they would be if rangers were on the job patrolling the parks.

Therefore, consideration of the public interests in this case, as well as the other three factors identified above, favor a denial of plaintiff's motion for preliminary injunction.

## CONCLUSION

Plaintiff lacks standing to bring this motion for preliminary injunction. For that reason alone his motion should be denied. But if the court does consider the motion on its merits, the motion should be denied because plaintiff has not established any of the requisite

1   elements of a preliminary injunction. Accordingly, defendants

2   respectfully request that the Court deny plaintiff's motion.

3

4   Dated: February 7, 2018          NORTON & MELNIK, APC

5

6                                    By: /s/   Robert L. Hernandez

7                                    SONALI OLSON
                                     ROBERT L. HERNANDEZ
8                                    Attorneys for Defendant,

9                                    **SIMI VALLEY HISTORICAL
                                     SOCIETY AND MUSEUM, RANCHO**
10                                   **SIMI RECREATION AND PARK**
                                     **DISTRICT, RICHARD ACKERMAN,**
11                                   **SHELDON KAMINSKY, JERRY**
12                                   **DEROSA, LARRY PETERSON, AND**
                                     **RANCHO SIMI RECREATION AND**
13                                   **PARK DISTRICT BOARD OF**
14                                   **DIRECTORS**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

1

## **PROOF OF SERVICE**

2

3

IT IS HEREBY CERTIFIED THAT:

4

      I, the undersigned, am a citizen of the United States and I am at least eighteen years of age. My business address is 20920 Warner Center Lane, Suite B, Woodland Hills, CA 91367.

5

6

7

      I am not a party to the above-entitled action. I have caused service of **DEFENDANTS' OPPOSTION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

8

9

10

11

JAMES E. KEENER (Plaintiff)
4100 Lenox Park Drive
Buford, GA 30519
Keener.v.rsrpd@icloud

12

13

14

15

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 7, 2018.

16

17

        /S/ Angela E. Boone
         Angela E. Boone

18

19

20

21

22

23

24

25

26

27

28