UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. KEENER,<br><br>    Plaintiff,<br><br>    v.<br><br>RANCHO SIMI RECREATION AND PARK DISTRICT, et al,<br><br>    Defendant.<br>_____ | NO. CV 17-9182-GW (KS)<br><br>ORDER DENYING PLAINTIFF'S APPLICATION FOR A PRELIMINARY INJUNCTION (DKT. NO. 24) |

**INTRODUCTION**

On December 22, 2017, Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) On February 15, 2018, pursuant to the parties' stipulation, Plaintiff filed the operative First Amended Complaint ("FAC"). (Dkt. Nos. 30, 31.) The FAC asserts claims for civil rights violations under 42 U.S.C. § 1983, violations of California's Bane Act (Cal. Civ. C. § 52.1), assault, battery, false arrest, false imprisonment, intentional infliction of emotional distress, and negligence against the Rancho Simi Recreation and Park District ("District"); Richard Ackerman ("Ackerman") a park ranger; Sheldon Kaminsky ("Kaminsky"), park ranger; Jerry Derosa ("Derosa"), a supervising ranger; Larry

1

Peterson ("Peterson") as District Manager; Jean McCormick ("McCormick"), a park employee; and the Rancho Simi Recreation and Park District Board of Directors ("District Board"). (*Id.*)

On January 18, 2018, Plaintiff filed a Notice of Motion and Motion for Preliminary Injunction (the "Motion") with a supporting Memorandum ("Memorandum") (Dkt. Nos. 24, 16, 18.)[1] On January 29, Plaintiff filed a Supplemental Memorandum in support of the Motion. (Dkt. No. 26.) On February 7, 2018, Defendants filed an Opposition to the Motion ("Opposition" or "Oppo.") and a Request for Judicial Notice in support of the Opposition. (Dkt. Nos. 28, 29.) Plaintiff filed no reply. The Motion is now fully briefed. The Court finds the matter is appropriate for resolution without oral argument.

## PLAINTIFF'S ALLEGATIONS AND FACTUAL BACKGROUND

This lawsuit arises out of an altercation in October 2017 between Plaintiff and Ackerman at Strathearn Historical Park, a park owned and operated by the District in Simi Valley, California. (FAC at 2.) Plaintiff alleges that on October 14, 2017 he drove to the park to attend his niece's wedding. His niece had a contract with the District to conduct her wedding in the park and Plaintiff alleges that the contract allowed him drive his vehicle into the park to drop of his passengers for the ceremony, including his elderly mother and a sister who was disabled from a fractured leg. (*Id.*) Both family members were unable to walk more than a short distance. (*Id.*)

//
//

---

[1] Plaintiff originally filed a Notice of Motion and Motion for Preliminary Injunction on January 16, 2018 (Dkt. No. 16), with a Declaration of James E Keener (Dkt. No. 17) and two supporting memoranda (Dkt. Nos. 16, 18.) On January 18, 2018, Plaintiff withdrew the original motion (Dkt. No. 21) and on the same day filed the instant Motion (*see* Dkt. No. 24.) He did not withdraw the two memoranda and they, along with the supplemental memorandum filed on January 29, appear to be the supporting memoranda for the Motion at issue here.

Plaintiff also alleges that the under the contract, the District "was to provide security for the event, in the way of a park ranger." (*Id*.) Plaintiff alleges that when he approached the park entrance in his vehicle, he noticed Ackerman in a patrol car, and after explaining to Ackerman that he needed to drive into the park to drop the disabled family members closer to the wedding venue, Ackerman granted Plaintiff access to the park, requesting that he "keep the van's speed slow because [the District] had received complaints about blowing dust." (*Id.* at 3.) Plaintiff alleges that as he was discharging his passengers, he was "accosted" by a civilian park employee who told him he needed to back his vehicle out of the park. When he told the employee that Ackerman had given permission for him to drive into the park, the employee confronted Ackerman and told him that Plaintiff had been rude and discourteous. (*Id*. at 3-4.)

As the wedding reception concluded, when Plaintiff went back to the parking area to get his vehicle so that he could pick up his family members, Ackerman allegedly told Plaintiff that he could not drive back into the park. (*Id.* at 4.) When Plaintiff questioned Ackerman's authority to deny Plaintiff re-entry with his vehicle. Ackerman allegedly "pulled his pistol out of its holster, placed it on his lap, and pointed the muzzle at Plaintiff." (*Id*.) When Plaintiff again questioned Ackerman's legal authority to deny re-entry with his vehicle, Plaintiff alleges that Ackerman shouted at Plaintiff, then "violently kicked opened the driver's door of the [District] patrol vehicle, striking Plaintiff in the abdomen with the sharp edge of the door and causing Plaintiff to stumble backwards." (*Id.* at 5.)

Following this altercation, Plaintiff alleges that he "was neither patted down, searched, handcuffed, nor cited or formally arrested" and neither Ackerman nor Kaminsky—— another armed ranger who arrived on the scene—"even asked for Plaintiff's identification, even though Ackerman had used force against Plaintiff including pointing a loaded weapon at Plaintiff's head." (*Id.* at 6.)

**THE MOTION**

The Motion seeks an order restraining and enjoining "defendants from exercising peace officer powers pending trial of this action" (Dkt. No. 24.) Specifically, Plaintiff argues that Ackerman lacks the necessary qualifications to exercise limited peace officer powers that are part of his position as a park ranger with the District. (Memorandum at 3, [Dkt. No. 18.]) Specifically, Plaintiff argues that Ackerman fails to meet Peace Officers Standards and Training ("POST") requirements to serve as a peace officer and even though Plaintiff acknowledges that POST has no oversight over the District's ranger program (*id.* at 3), he contends that under California Penal Code § 832, every peace officer, whether full or part-time, "even those appointed by a special district that itself is not POST certified, is required to be currently certified by POST . . . before exercising peace officer powers." (*Id.* at 4.) Plaintiff also contends that Ackerman has not been certified as a peace officer by POST since 2009. (*Id.* at 5.) According to Plaintiff, the District only requires full-time rangers to be POST certified and only one District ranger is full-time. (*Id.* at 7.)

Plaintiff argues that based on its policy of only requiring full-time rangers to be POST certified, the District "is operating a rogue police agency with little to no oversight from the public or government agencies and constitutes an ongoing threat to public safety." (*Id.* at 8.) In support of this assertion, Plaintiff points to two purported Ventura County Grand Jury investigations in 2006-2007 and 2010-2011 that allegedly concluded, among other things, that "the rangers were not much more than tax-payer funded highly-paid security guards." (*Id.* at 8.) Based on the assertion that Ackerman is unqualified to exercise the authority of a "peace officer" in his role as a ranger for the District, Plaintiff argues that Plaintiff and the public are likely to suffer irreparable harm if the District "and its unqualified rangers" are not enjoined from exercising peace officers powers pending trial. (*Id.* at 18.)

In the Opposition, Defendants respond that: (1) Plaintiff lacks standing to bring the Motion for preliminary injunction because he is asserting a generalized grievance on behalf of

4

the public with respect to the District's ranger qualification(s) policy (Oppo. at 8-14); and (2) even if standing were established, Plaintiff has not satisfied any of the legal elements necessary to obtain a preliminary injunction. (*Id.* at 14-20).

For the reasons discussed below, the Court agrees that Plaintiff has not met the standard to obtain a preliminary in junction and the Motion is DENIED with prejudice**.**

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 65, the Court may grant a preliminary injunction in order to prevent "immediate and irreparable injury." FED. R. CIV. P. 65(b). The party seeking such relief must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities weighs in its favor; and (4) the injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, if the plaintiff "shows that there is a likelihood of irreparable injury and that the injunction is in the public interest," he may demonstrate his right to a preliminary injunction by establishing "serious questions going to the merits and a balance of hardships that tips sharply [in his favor]." *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir.2011)). Because a "preliminary injunction is an extraordinary and drastic remedy," *Munaf v. Geren*, 553 U.S. 674, 676 (2008) (internal quotation marks omitted), the party seeking the injunction must present evidence sufficient to clearly carry his burden of persuasion on each requirement. *Towery v. Brewer*, 672 F.3d 650, 657 (9th Cir. 2012) (citations omitted); *see also Winter*, 555 U.S. at 22 (explaining that a preliminary injunction can issue only on "a clear showing that the plaintiff is entitled to such relief").

Further, "[a] court's equitable power lies only over the merits of the case or controversy before it." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir.

2015). Accordingly, to prevail on a motion for preliminary injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Id.* at 636; *see also Hansen v. Parkhurst*, No. EDCV1600459VBFDTB, 2016 WL 4136830, at *3 (C.D. Cal. July 29, 2016) ("a preliminary injunction may not issue when it is not of the same character as that which may be granted finally and when it deals with matter outside the issues in the underlying suit") (quoting CHARLES ALAN WRIGHT, ET AL., 11 FEDERAL PRACTICE AND PROCEDURE section 2947, text with n.5 (3d ed. with April 2016 Supp.)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Pac. Radiation Oncology*, 810 F.3d at 636.

## DISCUSSION

1. **Plaintiff Lacks Standing to Obtain the Injunctive Relief Sought**

Pursuant to these principles, Plaintiff's request for preliminary injunctive relief must be denied because the injury alleged in the Motion is unrelated to the conduct asserted in the FAC. Defendants have properly framed this defect as a question of standing. (Opposition at 8.) As outlined above, the claims in the FAC arise from alleged civil rights violations resulting from Ackerman's alleged assault, battery, and excessive use of force against Plaintiff during the October 2017 altercation at Strathearn Park. (FAC at 2-6.) These claims allege direct, personal harm to Plaintiff. Plaintiff's Motion, in contrast, argues that Plaintiff and *the public* are likely to suffer irreparable harm if an injunction does not issue to enjoin the District's policy concerning the "peace officer" authority afforded to part-time ranger staff such as Ackerman. The relief sought in the Motion seeks redress on behalf of the public with regard to the District's overall hiring policy for its part-time rangers, its background check procedures and alleged violations of POST requirements, even though Plaintiff concedes POST has no oversight over the District's ranger policy. (*See* FAC at 3.) The FAC asserts no claims on behalf of the general public.

Plaintiff's allegation of generalized harm to the public does not satisfy the Supreme Court's requirement that a "plaintiff must generally assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Sedin*, 422 U.S. 490, 499 (1975). Indeed, as Defendants emphasized, Plaintiff must assert a concrete injury in fact showing that the conduct at issue affects plaintiff in a specific and particularized way. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2016) (as revised May 24, 2016.) Furthermore, Plaintiff wholly fails to demonstrate how two alleged grand jury investigations in 2007 and 2011 of the District's ranger program, which did not involve Plaintiff in any way, have any relevance to Plaintiff's claims in this action.

Critical to establishing standing for a preliminary injunction is a showing of an "imminent prospect of future injury." *Ervine Desert View Regional Med. Center Holdings, LLC*, 753 F.3d 862, 868 (9th Cir. 2014). Here, Plaintiff seeks injunctive relief against the District's authorization of peace officer authority to its part-time rangers, but Plaintiff fails to demonstrate that he is under any actual threat of suffering "injury in fact" in the future because Plaintiff now lives in Houston, Texas. Plaintiff claims that he faces possible future harm because he will have to be "face to face" with Ackerman, Kaminsky, and DeRosa during this case, nothing in the FAC or the Motion suggests that Plaintiff is likely to ever encounter these defendants anywhere other than in court proceedings. (*See* Memorandum at 18.) Nor is there any indication that Plaintiff intends to visit the District's public park facilities where he might encounter these individual defendants functioning in their capacity as peace officers. *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009) (a plaintiff "bears the burden of showing that he has standing for each type of relief sought."); *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1286-87 (9th Cir. 2013) (standing for in junctive relief requires demonstration of a real or immediate threat of irreparable harm).

1 Finally, Plaintiff points to two district court cases in Washington State and a decision of
2 the Washington State Public Employment Relations Commission to assert that Ackerman has
3 a history of civil rights violations. (Memorandum at 2-3.) But Plaintiff's references to these
4 unrelated matters are not admissible evidence relevant to this Motion or the underlying FAC,
5 and they do not establish a threat of imminent harm to Plaintiff in the future.

7 Accordingly, the Motion must be denied. *See Pac. Radiation Oncology*, 810 F.3d at
8 636 (affirming denial of injunction where motion for relief unrelated to the underlying claim).

10 **2. Even if Standing Were Proper, Plaintiff Is Not Entitled to the Extraordinary**
11 **Remedy of Injunctive Relief**

13 As noted, a preliminary injunction is an "extraordinary remedy that may only be
14 awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter,* 555 U.S. at
15 22. To warrant injunctive relief, Plaintiff must establish: (1) he is likely to succeed on the
16 merits; (2) he is likely to suffer irreparable harm absent preliminary relief; (3) the balance of
17 the equities tips in favor of the requesting party; and (4) an injunction is in the public interest.
18 *Id.* at 20. Here, Plaintiff has not satisfied any of these requirements.

20 As Defendants correctly point out, to warrant a preliminary injunction, Plaintiff cannot
21 rest on mere allegations in the FAC. (Oppo. at 14.) Rather, Plaintiff must put forward evidence
22 of a likelihood that he will be injured by the conduct to be enjoined. (*Id.* (citing *Doe v. Nat'l*
23 *Bd. of Med. Examiners*, 199 F.3d 146, 152 (3rd Cir. 1999)).) In addition, here, Plaintiff's
24 burden is "doubly demanding" because he seeks a mandatory injunction precluding the District
25 from continuing its existing policy of extending peace officer authority to its ranger staff and
26 mandatory injunctions are "particularly disfavored." *See Garcia v. Google, Inc*., 786 F.3d

733, 740 (9th Cir. 2015); *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009.)[2]

The Court now examines each of the factors in turn. In considering the likelihood of success on the merits, as noted above, the Court finds no connection between the civil rights and tort claims asserted in the FAC and the alleged irreparable injury to occur if the District is not enjoined from affording its rangers peace officer authority. *Pac. Radiation Oncology*, 810 F.3d at 636. Even if Plaintiff succeeds on all of his civil rights and tort claims, his remedy would not be the injunctive relief sought in the Motion. Further, Defendants argue, Plaintiff's reliance on California Penal Code sections 832 and 538d is misplaced because neither of these statutes provide a private right of action for either monetary or injunctive relief to enforce these penal code provisions. (Opposition at 16-17.) The FAC seeks only monetary relief for Plaintiff's claims. Because even if Plaintiff were to prevail on his individual civil rights claims, he would not be entitled to injunctive relief, Plaintiff cannot demonstrate a likelihood of success on the merits of his effort to enjoin the District's policy regarding its ranger staff.

As to the likelihood of irreparable harm if an injunction does not issue, as discussed above, Plaintiff wholly fails to establish that he is likely to suffer imminent, irreparable harm if the request for an injunction is not granted. Plaintiff does not live in California and has not alleged that he is ever likely to visit any parks administered by the District again. Thus, this factor too weighs against granting a preliminary injunction.

In addressing the third factor, the Court must weigh the equities to determine whether the equities weigh in favor of the party seeking the preliminary injunction. *Scotts Co. v. United Industries Corp.*, 315 F.3d 264, 284 (4th Cir. 2002) ("the real issue in this regard is the degree

---

[2] In the Opposition, Defendants argue that the Court should apply the heightened scrutiny applied to disfavored injunctions to all four factors of the preliminary injunction analysis and not just to the likelihood of success factor. (Oppo. at 15.) The Court declines to reach that issue because it finds that the factors favor denial of preliminary injunction under any standard.

of harm that will be suffered by the plaintiff or the defendant if the injunction is improperly granted or denied."). Here, Plaintiff seeks an order that would effectively suspend the way the District deploys its rangers in the interest of public safety and impede the ability of rangers to function in the fashion for which they were hired. The resulting disruption to the status quo would be immediate and severe in terms of public safety in the District's parks. As Defendants emphasize, "the rangers themselves would be prevented from pursuing their employment as peace officers for the duration of the trial, with the associated loss of income that would entail." (Oppo. at 18-19.) Plaintiff, on the other hand, lives in Texas, has not demonstrated he has any intention of being on District property again where rangers serve as peace officers, and his claims arise from a single interaction with Defendants on a single occasion for a family wedding. The equities here clearly weigh against Plaintiff as the moving party.

Finally, Plaintiff has not established that an injunction is in the public interest. Indeed, as noted above, the disruption to the District's deployment of its ranger staff in District parks, the curtailment of rangers' lawful employment and income if an injunction is granted is not in the public interest. The impact on nonparties to this lawsuit, including the general public, of granting the relief sought by the Motion go far beyond the private interests of Plaintiff's civil rights claims involving his personal encounter with ranger personnel on October 17, 2017. Plaintiff has not presented any evidence that the public interest would be served if the preliminary injunction is granted.

Accordingly, this factor weighs against granting the preliminary injunction.

Consequently, because Plaintiff has wholly failed to demonstrate that he is entitled to the extraordinary remedy of injunction, IT IS THEREFORE ORDERED that Plaintiff's Motion for a Preliminary Injunction is DENIED.

DATED: March 13, 2018

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE