James E. Keener, Pro Se
4100 Lenox Park Dr.
Buford, GA 30519
951-239-6897
keener.v.rsrpd@icloud.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

| | |
|---|---|
| JAMES E. KEENER,<br><br>       Plaintiff,<br><br>v.<br><br>RANCHO SIMI RECREATION AND PARK DISTRICT, et al<br><br>       Defendants. | Case No: 2:17-CV-09182-GW(KS)<br><br>**REQUEST FOR JUDICIAL NOTICE RE: PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>DATE: Taken Under Submission<br>TIME:<br>JUDGE: HON. K.L. Stevenson<br>COURTROOM: |

Plaintiff hereby respectfully requests the Court take judicial notice of the materials set forth below in its determination of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("Motion").

## I. LEGAL STANDARD

In analyzing motions to dismiss under Federal Rule of Civil Procedure 12, a court is not bound by or limited to only the allegations of the pleadings but may take into consideration facts contained in materials that can be judicially noticed under Federal Rule of Evidence 201.

A court need not "blindly accept the allegations in the pleadings as true if these allegations are contradicted by uncontested facts … that are included in materials that can be judicially noticed.") (citations omitted). S*ee Yang v. Dar Al-Handash Consultants*, 250 Fed. Appx. 771, 772 (9th Cir. 2007). *See also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not ... accept as true allegations that contradict matters properly subject to judicial notice).

A court can take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201 without converting a motion to dismiss into a motion for summary judgment. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).

## II. EVIDENCE CODE 201

Pursuant to Fed. R. Civ. Proc. 201(b)(2), the Court can take judicial notice of documents that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Here, the documents Plaintiff requests the Court take judicial notice of are public records obtained from (1) RSRPD, a public entity; (2) POST, a public regulatory agency; and (3) Ninth Circuit Jury Instructions Committee. The accuracy of the documents cannot reasonably be questioned and are therefore subject to judicial notice.

### III. REQUEST FOR JUDICIAL NOTICE – SPECIFIC DOCUMENTS

Exhibit A:

"Strathearn Park Event Guidelines for Rangers"

Exhibit B:

POST "Use of Force" curriculum excerpt (1-13).

Full text of curriculum is publically available at:

https://post.ca.gov/Data/Sites/1/post_docs/training/PC832Materials/PC%20832%20Workbooks/PC_832_VOL_4_V-3.0.pdf

Exhibit C:

RSRPD Park Ranger Operational Procedures- Firearm Policy:

Section 2302 "Use of Deadly Force," and Section 2306 "Drawing or Displaying Firearms."

Exhibit D:

Ninth Circuit Model Civil Jury Instruction 9.4- "Section 1983 Claim Against Supervisory Defendant in Individual Capacity."

Also publically available at:

http://www3.ce9.uscourts.gov/jury-instructions/node/141)

### IV. BASIS FOR REQUEST

#### Exhibit A

Defendants allege Plaintiff had driven into the park in violation of a "no-access-without-permit" policy and that McCormick attempted to stop Plaintiff from driving in because he lacked a permit and not in retaliation for exercising his First Amendment rights (Motion 23:17-21). Further, Defendants allege Plaintiff

was unauthorized to drive into the park without a permit (Motion 18:11-12). These allegations form the basis, in part, for Ackerman's use of force against Plaintiff.

However, Plaintiff has obtained a copy of Rancho Simi Recreation and Park District's ("RSRPD") "Strathearn Park Event Guidelines for Rangers," via a public records request. The document outlines the park rules and ranger duties in effect at the time of this incident. The guidelines specifically contradict Defendants' allegations that Plaintiff was in violation of park rules for driving into the park to drop off his handicapped and elderly passengers, or that Plaintiff needed a permit to do so. *See* Exhibit A "Guests" attached hereto.

## Exhibit B

Defendants also allege Ackerman would not have known that pointing his weapon at Plaintiff, and employing the threat of deadly force, [in a non-life-threatening situation] was excessive and a violation of the Fourth Amendment (Motion 21:14). However, POST curriculum contradicts Defendants' claims. POST's "Use of Force" guidelines make it clear that the use of a firearm is reserved for situations where it is "likely to result in serious injury or possibly the death of the officer or another person." *See* Exhibit B attached hereto.

## Exhibit C

Likewise, RSRPD's "Park Ranger Operational Procedures- Firearm Policy" also makes it clear that the threat of deadly force should be used "only as a last resort in life-threatening situations… to protect himself or others from the immediate threat of death or serious bodily injury" *See* Exhibit C "Use of Deadly Force- 2302;" and "A firearm should be drawn or displayed when circumstances create a reasonable belief that it may be necessary to use the firearm [for] deadly force." *See* Exhibit C "Drawing or Displaying Firearm- 2302" attached hereto.

## Exhibit D

Defendants claim liability for § 1983 failure to train allegations cannot be alleged against supervisory Defendants Peterson, Derosa, and Board (Motion 24:9-

12, 25:12-16). Ninth Circuit Model Civil Jury Instruction 9.4- "Section 1983 Claim Against Supervisory Defendant in Individual Capacity" contradicts this erroneous allegation. *See* Exhibit D attached hereto.

Based on the foregoing, Plaintiff respectfully requests the Court take judicial notice of the materials set forth above in its determination of Defendants' Motion.

Dated: April 10, 2018                                   /s/ James E. Keener
                                                        James E. Keener, *Pro Se*