SONALI OLSON (SBN 180397)
solson@nortonmelnik.com
ROBERT L. HERNANDEZ (SBN 271889)
rhernandez@nortonmelnik.com
NORTON & MELNIK, APC
20920 Warner Center Lane, Suite B
Woodland Hills, CA 91367
TEL (818) 999-9500
FAX (818) 999-9155

Attorneys for Defendant, RANCHO SIMI
RECREATION AND PARK DISTRICT,
RICHARD ACKERMAN, SHELDON
KAMINSKY, JERRY DEROSA, LARRY
PETERSON, JEAN MCCORMICK, AND
RANCHO SIMI RECREATION AND PARK
DISTRICT BOARD OF DIRECTORS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| JAMES KEENER, an individual, | 2:17-CV-09182-GW-KS |
| Plaintiff, | **REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| vs. | |
| RANCHO SIMI RECREATION AND PARK DISTRICT, a public entity, et al., | Date: No hearing date set<br>Time:<br>Crtrm: |
| Defendants. | Action Filed: December 22, 2017 |

1
REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## ARGUMENT

## I. PLAINTIFF'S OPPOSITION IMPROPERLY RELIES ON EXTRINSIC EVIDENCE.

Concurrent with his opposition memorandum, plaintiff has filed a request for judicial notice in which he asks the court to take judicial notice of four documents, including: 1) Strathearn Park Event Guidelines for Rangers; 2) an excerpt from the POST Use of Force Curriculum; and 3) RSRPD Park Ranger Operational Procedures – Firearms Policy Section 2302. Plaintiff's RJN, p.2.  Whether or not the Court chooses to take judicial notice of those documents, it is nevertheless improper for plaintiff to rely on the documents in his argument because the documents are extrinsic to the pleadings.  See, e.g., *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989) ("Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."); see also, e.g. *Jiang v. Lee's Happy House*, No. C 07-03606 RS, 2007 WL 3105087, at *3 (N.D. Cal. Oct. 23, 2007) ("In the context of a motion to dismiss under Rule 12(b)(6), the Court cannot consider extrinsic evidence such as the declaration offered by defendants….").

In his opposition, plaintiff improperly refers to the Strathearn Park Guidelines at pages 15, 16, 23, and 24.  He refers to POST training materials at pages 26 and 27.  And he refers to the RSRPD Park Ranger Operational Procedures at page 26.  These documents have not been incorporated into plaintiff's complaint, nor have they been referred to in his complaint.  Accordingly, these documents constitute extrinsic evidence that may not be considered by the Court. To the extent that any of this extrinsic evidence is *necessary* to the

success of plaintiff's arguments in opposition, those arguments must fail.

## II. DEFENDANT JEAN MCCORMICK SHOULD BE PROTECTED BY QUALIFIED IMMUNITY BECAUSE HER CONDUCT DID NOT VIOLATE A CLEARLY ESTABLISHED RIGHT.

Plaintiff argues that the doctrine of qualified immunity is inapplicable to Jean McCormick because her conduct violated a clearly established right. Opposition, p. 28. In arguing that a clearly established right was violated, plaintiff states that the "First Amendment protects a significant amount of verbal criticism and challenge directed at government officials." *Ibid*. He also states that it "cannot reasonably be believed that McCormick, a public official whom regularly attends public meetings… during which citizens are free to express their First Amendment rights, was unaware that a citizen has the right to be free from retaliation for exercising such rights by expressing dissatisfaction with public officials." Opposition, pp. 28-29. Plaintiff's argument is wrong for at least two reasons.

First, plaintiff has gone outside of the pleadings to offer speculative arguments about whether Ms. McCormick attends public meetings as part of her job. There are no allegations in plaintiff's complaint that Ms. McCormick has attended public meetings, and if she has, what went on at those meetings. The court must disregard these speculative statements. Second, plaintiff's argument misapplies the "clearly established rights" prong of the qualified immunity analysis. For a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S. Ct. 2074, 2083, 179 L. Ed. 2d 1149

(2011). Even if Ms. McCormick knew that people, in the abstract, have a First Amendment right to criticize the government, that alone does not prove that a clearly established right was violated here. The proper question is whether there is precedent establishing that, under the circumstances, a reasonable person would have known that McCormick's actions were violating plaintiff's rights. Plaintiff has offered no proper citations to precedent that suggest McCormick's actions rose to that level.[1] Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (internal quotation marks and citations omitted). The doctrine of qualified immunity was developed so that people like Ms. McCormick can do their jobs without fear of being sued if they make a mistake. The Court should apply the doctrine to her in this case.

### III. PLAINTIFF'S ARGUMENT THAT HE DID NOT FEEL FREE TO LEAVE THE CONFRONTATION WITH ACKERMAN IS BELIED BY THE FACT THAT HE DID ACTUALLY LEAVE.

Plaintiff argues at various points in his opposition that during his confrontation with Ranger Ackerman, he did not believe he was free to leave. See, e.g., Opposition, p. 10, line 23. However, it is clear from plaintiff's pleadings that he was able to leave, an in fact did walk away from the confrontation. In the First Amended Complaint, at page 5, lines 18-21, plaintiffs alleges:

---

[1] Plaintiff argues that the Strathearn Park Event Guidelines support his contention that McCormick violated a clearly established right. Opposition, p. 15. However, as discussed previously in this Reply, the Guidelines are extrinsic evidence that should not be considered by the Court. Further, it is not "precedent" in the context of defining a clearly established right.

1    Fearing Ackerman would shoot him if he stayed
2    or arrest him if he tried to drive the van back into
3    the park, Plaintiff hurriedly walked back to the
4    reception hall and contacted [. . .], the wedding
5    coordinator.

Plaintiff's own allegations indicate that he simply walked away from the confrontation. Further, there are no allegations that Ackerman followed him, told him to stop, or in any way impeded plaintiff from leaving. These facts as alleged by plaintiff (and lack of additional factual allegations about Ackerman making any attempt to stop plaintiff from leaving) indicate strongly plaintiff was not arrested or imprisoned by Ackerman, falsely or otherwise.

## IV.   MONELL AND RESPONDEAT SUPERIOR.

In their motion to dismiss, defendants argued that the supervisor defendants in this case were immune from liability on a *respondeat superior* theory because of *Monell v. Dept. of Social Services of City of the New York*, 436 U.S. 658, 694 (1978). In the spirit of candor, defendants now point out that there is at least one federal case holding that California does not apply *Monell* to section 1983 claims, and that government entities may be liable under *respondeat superior* (even in section 1983 claims) under section 815.2 of the California Government Code. *Robinson v. Solano Cty.*, 278 F.3d 1007, 1016 (9th Cir. 2002). However, defendants are aware of no published California appellate decisions that have expressly endorsed the Ninth Circuit's view on this point.

In any event, at a minimum, the supervisor defendants would be protected by qualified immunity to the extent that the underlying

employees are found to be protected by qualified immunity. *Robinson*, 278 F.3d at 1016.

# **CONCLUSION**

Based on the foregoing, and based upon the arguments presented in defendants' motion, defendants' motion to dismiss should be granted.

Dated: April 24, 2018        NORTON & MELNIK, APC

By: /s/   Robert L. Hernandez
SONALI OLSON
ROBERT L. HERNANDEZ
Attorneys for Defendant,
**RANCHO SIMI RECREATION AND PARK DISTRICT, RICHARD ACKERMAN, SHELDON KAMINSKY, JERRY DEROSA, LARRY PETERSON, JEAN MCCORMICK, AND RANCHO SIMI RECREATION AND PARK DISTRICT BOARD OF DIRECTORS**

# PROOF OF SERVICE

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and I am at least eighteen years of age. My business address is 20920 Warner Center Lane, Suite B, Woodland Hills, CA 91367.

I am not a party to the above-entitled action. I have caused service of **REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

JAMES E. KEENER (Plaintiff)
4100 Lenox Park Drive
Buford, GA 30519
Keener.v.rsrpd@icloud

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 24, 2018.

                                                /s/ Angela E. Boone
                                                  Angela E. Boone